UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-CV-20194-RNS-MD

GRANT HOUSE, SEDONA PRINCE, AND
TYMIR OLIVER,

      Petitioners,

v.                                                                    RELATED CASE:
                                                                      *In re Student Athlete NIL Litigation,*
UNIVERSITY OF MIAMI,                                                  Case No: 4:20-cv-0319 (N.D. Cal.)

      Respondent.

_____/

## ORDER ON PETITIONERS' MOTION TO
## COMPEL COMPLIANCE WITH A RULE 45 SUBPOENA [ECF NO. 1]

THIS CAUSE came before the Court on Petitioners' Motion to Compel Compliance with a Rule 45 Subpoena [ECF No. 1] (the "Motion"). This matter is before the undersigned pursuant to an Order Referring Motion to Magistrate Judge by United States District Judge Robert N. Scola, Jr. [ECF No. 11]. *See* 28 U.S.C. § 636(b)(1)(A).

THIS COURT has reviewed the Motion [ECF No. 1], the Response and Reply thereto [ECF Nos. 15, 16], the pertinent portions of the record, including the Notices of Supplemental Authority [ECF Nos. 17-19] and Notice of Activity in a Related Litigation [ECF No. 22], and all relevant authorities. The Court also heard from the parties, who appeared before the Court, through counsel, at a hearing on the Motion on July 21, 2022, and is otherwise fully advised in the premises.

Based on the Court's review of the record and submissions, and having heard from counsel, the Court grants the Motion in part and denies the Motion in part as follows.

Initially, the Court notes that the parties narrowed the scope of the requests at issue in the Motion prior to the hearing. Therefore, the Subpoena Requests now before the Court are Requests 1, 4, and 8.

Request No. 1 (Squad Lists)

In Request No. 1, Petitioners, Grant House, Sedona Prince, and Tymir Oliver ("Petitioners"), request Respondent, University of Miami ("UM"), produce the following:

> All "squad list forms" and "supplementary forms" as defined in the 2020-2021 NCAA Division I Manual, Bylaw 15.5.11.2, prepared by [UM] for the Sports at Issue, Including information identifying the sport and year denoted by the "squad list," and each Student-Athlete in the Sports at Issue at [UM]'s name, sport, and year in school (e.g. Sophomore).

[ECF No. 1-3] at 6. The "Relevant Time Period" for the Request is from June 1, 2016, through the present. *Id*. at Definitions ¶ 14. The information requested in Request No. 1 is referred to herein as the "Squad Lists."

The Court is mindful of the fact that the requested production implicates privacy concerns of the Student-Athletes[1] because the requested documents may contain student educational records that are protected by the Family Education Rights and Privacy Act ("FERPA"). *See* 20 U.S.C. § 1232g; 34 CFR Part 99. The Court is also aware, based on the parties' representations, that Petitioners have obtained similar records from more than one hundred (100) other similar non-party colleges and universities. Finally, the Court notes that UM has demonstrated that there are many squad lists generated each year for each sport, and there will be a significant burden for UM in collecting the requested information.

---

[1] The term "Student-Athlete" is defined in the Definitions Section of the Subpoena [ECF No. 1-3] at ¶ 12.

On the other hand, Petitioners have demonstrated a significant need for the requested records and have agreed to narrow their requests and to the redaction of student names and school ID numbers in order to alleviate the privacy concerns.

Based on the foregoing, having balanced the relevant considerations pursuant to the Federal Rules governing discovery, including discovery from non-parties, the Court grants the Request in part and orders UM to produce one Squad List per sport per academic year, from June 1, 2016, to the present, for each Sport at Issue with the Student-Athletes' names and ID numbers redacted. This Order does not address or determine whether UM must comply with FERPA, and if so, how it must comply; those determinations are left to UM's discretion.

The foregoing production shall be made within thirty (30) days of this Order.

<u>Request No. 4</u>

Request No. 4 seeks the following:

> All Documents, Communications and Data Relating To any Agreements that would, will or do provide compensation to any Student-Athlete at Your institution for NIL Activity, Including the identities of the contracting parties, the length of the Agreement, the amount of money or other compensation received or receivable by the Student-Athlete, and the type of done in exchange for the compensation (e.g., television commercial, autograph signing, Social Media endorsement). The Relevant Time Period for this Request is July 1, 2021 to the present.

[ECF No. 1-3] at 7.

Again, this Court has considered Petitioners' demonstrated need for the requested information (identified herein as "NIL Agreements") and the burdens identified by UM in complying with this Request with the Federal Rules governing discovery in mind. The Court also notes, based on the representations of the parties, that UM has already identified information responsive to this Request and compiled that information in spreadsheet format

which is readily accessible. Based on the foregoing, the Court grants the Request and orders

UM to produce copies of all NIL Agreements (or data about such Agreements which includes

the requested information, whichever is least burdensome to UM) within its possession and

control which Agreements are between any Student-Athlete and a third-party providing

compensation (whether monetary or other compensation) for the use of the Student-Athlete's

NIL, from July 2021 to the present. UM is only required to produce those Agreements or data

regarding the Agreements to which it has access, in whatever form is most practicable,

including, if necessary, screenshots of the data. In the event any Student-Athlete objects to

disclosure of his/her NIL Agreement following FERPA notice, UM will not produce the

Student-Athlete's NIL Agreement and will notify Petitioners regarding the number and

general nature of such objections (*e.g.*, "2 football players").

The foregoing production shall be made within thirty (30) days of this Order.

Request No. 8

In Request No. 8, Petitioners seek the following:

All Documents, Communications and Data Relating To any media, sponsorship, licensing, or other commercial agreement entered into by You Relating to the Sports at Issue, Including all apparel and equipment contracts, sponsorship contracts, multimedia rights contracts, and contracts licensing the broadcast, rebroadcast, transmission, or retransmission of any athletic contest across any medium (Including television, radio, internet broadcasts, or any other form of electronic dissemination).

[ECF No. 1-3] at 7.

Again having balanced the parties' needs and concerns with the interests set forth by

the Federal Rules governing discovery in mind, the Court is mindful of the high level of

confidentiality cited by UM surrounding the requested documents, as well as the other

concerns raised by UM regarding the breadth of the Request. Based on the representations of

the parties regarding confidentiality concerns, existing confidentiality and protective orders, and previous productions made in the underlying litigation and related actions, the Court finds that a subset of the requested documents must be produced. Therefore, the Court orders UM to produce all responsive agreements between UM and a third party that expressly provide that the third party will compensate UM based, in whole or in part, on the transfer or licensing of the NIL of one or more specifically identified UM Student-Athletes. The Relevant Time Period applicable to this Request is June 1, 2016, to the present.

The foregoing production shall be made within thirty (30) days of this Order.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Petitioners' Motion to Compel Compliance With A Rule 45 Subpoena [ECF No. 1] is **GRANTED IN PART AND DENIED IN PART** as specifically set forth above. It is further

ORDERED AND ADJUDGED that Respondent, UM, shall comply with this Order within thirty (30) days hereof.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of July, 2022.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:

United States District Judge Robert Scola (SDFL)
United States District Judge Claude Ann Wilken (NDCA)
All Counsel of Record